ON MOTION
PER CURIAM.

ORDER

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Daniel E. Gray’s appeal from the United States Court of Appeals for Veterans Claims’ judgment in Gray v. Nicholson, 07-1555, for lack of jurisdiction. Gray opposes.
Gray petitioned the Court of Appeals for Veterans Claims for extraordinary relief pursuant to U.S. Vet.App. R. 21(a). Specifically, Gray sought an order from the Court directing the Department of Veterans Affairs to distribute a home adaptation grant that was awarded to him in 2003. The Court of Appeals for Veterans Claims denied Gray’s petition, concluding that Gray had not demonstrated that he had “a clear and indisputable right to a writ or that he lacks adequate alternative means to obtain the relief’ he sought. Gray appeals to this court.
Under 38 U.S.C. § 7292, this court has limited jurisdiction over appeals from decisions of the Court of Appeals for Veterans Claims. See Forshey v. Principi, 284 F.3d 1335, 1338 (Fed.Cir.2002) (en banc). This court “may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.” 38 U.S.C. § 7292(d)(2).
In his informal brief, Gray states that his case does not involve the validity or interpretation of a statute, regulation, or a constitutional issue. Gray argues that the Veterans Court failed to consider relevant evidence and erred in finding that he had not demonstrated his right to the writ. Because Gray fails to raise an issue within our jurisdiction, we must dismiss this appeal.
Accordingly,
IT IS ORDERED THAT:
(1) The Secretary’s motions are granted. The appeal is dismissed.
(2) Each side shall bear its own costs.